[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter first came to the court by summons and complaint dated September 23, 1998 and returnable October 20, 1998 in which complaint the plaintiff sought a dissolution of the marriage, custody and alimony pendente lite, an assignment of real estate located at 161 Woodlawn Drive, Uncasville, an allocation of debt, a fair and equitable distribution of all additional real and personal property, exclusive use of the above-referenced real estate and allowance to prosecute and restoration of her maiden CT Page 13822 name.
Certain motions accompanied the complaint. On October 21, 1998, the defendant appeared by counsel and filed an answer to the complaint and a cross complaint in which cross complaint the defendant claimed a dissolution of the marriage, visitation with the minor children of the parties, transfer of the defendant's interest in the marital home, an equitable division of assets and such other relief as the court might deem appropriate.
On December 21, 1998, the Court, Solomon, J., approved an agreement of the parties incident to support pendente lite in the amount of $116.00 per week.
On March 29, 1999, plaintiffs counsel moved to withdraw and the plaintiff on April 6, 1999 filed a pro se appearance in lieu of the appearance of counsel.
On September 24, 1999, the defendant's counsel moved for leave to withdraw and the defendant filed a pro se appearance in lieu of counsel.
On October 5, 1999 and on October 14, 1999, the plaintiff and the defendant, both of whom appeared pro se, appeared before the court with their witnesses and the matter was heard to a conclusion. On October 14, 1999, also appeared the Assistant Attorney General, Welfare.
The Court makes the following findings of fact.
The plaintiffs maiden name was Toni Lynn Bingham.
The parties were united in marriage on June 13, 1981 in Montville, Connecticut.
Both parties have resided in the State of Connecticut for more than one year prior to the initiation of the instant complaint.
The marriage has irretrievably broken down with no reasonable prospect for reconciliation.
There are two minor children issue of this marriage. The oldest child is Jennifer Lynn Parker, born November 5, 1981, now age 17. The younger child is Shawn Anthony Parker, born June 18, CT Page 13823 1984, now age 15.
Although not reflected in the original complaint, testimony by the plaintiff indicates that she received assistance from the State of Connecticut approximately eight years ago and is now presently again on State welfare assistance.
This is a marriage of 18 years.
The plaintiff is age 36. Her health generally is good. Her education extended through graduating from high school. The plaintiff is not presently employed. The child Jennifer presently attends the Montville High School and is in the 12th grade.
The child Jennifer on occasion is subject to seizures and receives medication to control them.
The minor child Shawn Anthony attends Westerly High School and is in the 9th grade. It is represented he enjoys excellent health.
The minor child Shawn Anthony resides presently with the plaintiff. At the moment, the older child Jennifer resides with friends. The plaintiff, at this point, receives the sum of $523.00 monthly from the State of Connecticut. The benefits commencing in September 1999. The only other income which the plaintiff has is the pendente lite order of support in the amount of $116.00 per week. According to the testimony of the plaintiff, the defendant has been unfaithful as concerns the marital vows and has committed mental abuse and according to the testimony the defendant husband moved in with a lady friend in 1997.
The defendant on occasion has apparently addressed the plaintiff in derogatory words. There were representations of physical abuse as concerns the children but no independent evidence concerning the same was offered to the court.
The older child Jennifer residing with friends was to effect her continued attendance in the Montville High School rather than relocate to a high school in Rhode Island.
The plaintiff vacated the premises at 161 Woodland Drive in Uncasville on July 31, 1999.
The plaintiff was reluctant to disclose her current address CT Page 13824 being fearful as to her welfare and safety and provided the court with the same in written form, which is in the file.
On December 31, 1998, the plaintiff divested herself of any equity interest in the premises known as 161 Woodland Drive, Uncasville, conveying the same to the holder of the mortgage, presumably in lieu of contemplated foreclosure.
The plaintiff has no motor vehicle of her own and her transportation is provided by the use of her mother's car.
The plaintiff's only assets at this juncture are the furnishings of her present apartment.
The plaintiff feels that the older child Jennifer should reside with her irrespective of problems pertaining to her attendance of high school in order that she might provide proper parental guidance and direction.
The plaintiff requests the continuation of the outstanding and existing order of support in the amount of $116.00 per week.
The plaintiff, in addition thereto, requests alimony in the amount of $25.00 per week and the restoration of her maiden name of Bingham.
The plaintiff is also desirous of health coverage for the children, which is now being provided pursuant to Title 19 with the State of Connecticut. The plaintiff is also covered by the Title 19 coverage with the State.
On learning of the plaintiffs present situation and receipt of State welfare monies, notice was given to the Office of the Attorney General Welfare in order that that office might make known its position to the court.
The defendant presently resides at 17 Densmore Lane in Old Saybrook. It has apparently been some time since the defendant has seen his son because of the defendant being employed out of state in Florida.
There is an outstanding restraint order as concerns the defendant and his contacts with the plaintiff and the children.
The defendant, who has been in Florida for the last five CT Page 13825 months, on returning to this state, intends to rent a home here in order that the older child can attend her present school in Montville.
The defendant also acknowledges that the parties lost their equity interest in the real estate, formerly their home, by virtue of not complying with the terms and conditions of the mortgage.
In 1990, the defendant had filed a petition seeking a dissolution of the marital union but the differences between the parties was at that juncture apparently resolved and the petition was withdrawn.
The defendant claimed that during the pendency of the proceedings that an order had been entered precluding the plaintiff from disposing of any items of personalty and that notwithstanding that order, that the plaintiff disposed of a shed, a utility trailer, a light-bar device incident to his activities as a volunteer fireman and matters of like nature.
The plaintiff countered with the observation that she did not know as to the defendant's whereabouts and was unable to contact him as concerns these items and that they were liquidated to provide financial support during a difficult time for herself and the children.
The plaintiff offered evidence as concerns the defendant menacing the minor son with his automobile on an occasion after the parties had left court but no independent evidence as to that was presented to the court.
The plaintiff requested that the court consider granting her sole custody of the minor child Shawn Anthony but indicated she had no problem with regard to the defendant seeing the child.
The defendant requests joint custody but has no objection to the plaintiff being the primary custodial parent as long as he has reasonable rights of visitation.
The plaintiff offered the testimony of one Rene Bissell of Uncasville for the purpose of endeavoring to establish physical abuse. The testimony of Bissell, however, was inconclusive.
The defendant offered the testimony of Evelyn A. Solsbury of CT Page 13826 Taftville. Evelyn Solsbury is a sister to the defendant. The witness Solsbury testified that the plaintiff had made certain threats against the defendant and recited an event where the child Shawn's shirt was ripped claiming that it was done either by the plaintiff or by the older child Jennifer. Apparently, the authorities were summoned on that occasion and it was represented, although no official record was demonstrated to the court, that the minor child was the subject of detainment by the authorities.
The defendant claimed that the plaintiff on one occasion allegedly turned out the minor child Shawn in the night season but the court did not receive any evidence that would appear to firmly demonstrate that was so.
There was testimony by the witness Solsbury as concerns difficult conduct on the part of the minor child Shawn. The child was in the courtroom during the pendency of the proceedings but the parties did not press the court to the point of requiring the child to testify.
It is the plaintiffs claim that the defendant is presently allegedly engaged to his girlfriend and has been since 1997.
In response to inquiry by the court, the defendant testified and the court finds that he has presently a position in Florida with Burns Security. The defendant, however, intends to remain in Connecticut and seek a transfer of his position with Burns Security to this area in order that the child Jennifer may continue to remain in and graduate from the high school in which she is presently matriculating.
The defendant during the proceedings made no claim as concerns any request for alimony against the plaintiff.
Both of the children, Jennifer and Shawn, are presently covered under the State of Connecticut program of health coverage for young people situated as they are with the plaintiff being the recipient of welfare assistance.
The plaintiff represented to the court that she was willing to have the child Jennifer reside with the defendant as long as the custody was joint and she was accorded reasonable rights of visitation. CT Page 13827
On the occasion when the plaintiff sold the shed and trailer earlier referenced, at the time she left the former residence of the parties, she then for a period of time lived in a tent with the children at a campground.
From the testimony of Mr. Ramon Rios, Jr., of Westerly, Rhode Island, the Court finds that he witnessed abuse inflicted by the defendant on the person of the plaintiff and!or the children and in addition observed the defendant to wave a gun in the face of the minor child Shawn Anthony.
The plaintiff is a part of the Rios residence but is not romantically involved with him. The witness Rios being presently engaged and residing with his fiancee in the Rios home. It was Rios who called the Connecticut State Police with regard to the weapons incident noted above.
From the testimony of the witness Grace Christine Grisky of Old Lyme, the Court finds that she is the mother of the plaintiff and that she has witnessed evidence of abuse by the defendant on the person of the plaintiff.
During the first year of the marriage of the parties, they lived with the witness Grisky.
The plaintiff was age 17 when she first entered into the marital union. The witness Grisky observed marks on the face of the plaintiff inflicted by the defendant.
The witness Grisky testified with regard to the defendant having relationships with persons other than his current friend.
On one occasion the witness Grisky observed the defendant to come into her home with a handgun in his waistband.
The witness Grisky has loaned money to the plaintiff and the defendant but has never been repaid in any respect.
During the pendency of the proceedings, a restraining order against the defendant was implemented. In due course, it lapsed. The plaintiff is in the process of seeking another such order at the present time.
The plaintiff, being required to provide transportation for herself and/or one or both children, requests of the court that CT Page 13828 the defendant be required to provide either a safe vehicle or funds sufficient to provide the same.
From the financial affidavits and the health form, the Court finds this is the second marriage for the defendant and the first for the plaintiff.
The defendant's education extended through the 11th grade in high school.
The plaintiff completed high school.
The defendant, as indicated above, is employed by Burns Security presently of Kissimmee, Florida. He earns $480.00 every two weeks, with deductions according to the financial affidavit for the two-week period of $167.56, for a net weekly of $225.00. The defendant claims and represents that his weekly expenses amount to $416.00.
The defendant claims debts as shown on his financial affidavit in the amount of $1,520.00.
The defendant's affidavit reflects that he owns no real estate, has a zero equity on a 1997 Toyota motor vehicle and no other assets of any kind or description.
The plaintiffs affidavit reflects the monthly receipt of $523.00 from the State of Connecticut and child support in the amount of $116.00 a week.
The plaintiffs financial affidavit indicates that there are so many debts that she is not apparently presently aware of what they amount to. The only asset shown or reflected on the plaintiffs financial affidavit is an account with Charles Schwab in the amount of $32.00.
Plaintiffs Exhibit 1 consisting of two photocopies reflects the issuance of two drafts from Charles Schwab, an investment house. The first dated November 17, 1997 in the amount of $1,000.00 payable to Steven Parker and Toni Parker, and the second dated February 26, 1998 in the amount of $1,102.98. It is the plaintiffs claim that the defendant withdrew these funds from the Charles Schwab account on both noted occasions and used the funds for his sole benefit and purpose and forged her name on the endorsement portion of the drafts. CT Page 13829
Plaintiffs Exhibit 2 reflects a receipt from a jewelry establishment incident to the purchase of an engagement ring by the defendant in the amount of $312.70, the same dated January 9, 1998. The plaintiff was never the recipient of this piece of jewelry.
Plaintiffs Exhibit 3 is a hospital record and report with regard to treatment received at the Backus Hospital in Norwich by the plaintiff on September 10, 1998. The report indicating that the plaintiff was assaulted by her husband on the subject date, punched in the cheek, struck by a crutch, that the police were summoned and appeared at the residence. The report indicates that the plaintiff is dependent as to the medical condition of diabetes.
The discharge diagnosis in said exhibit concludes with the conclusion that the plaintiff sustained an acute facial contusion, soft tissue injury secondary to assault.
Incident to the adjourned proceedings on October 14, 1999, present Assistant Attorney General Stephen McGovern who filed an appearance with the court, the Court finds:
The Assistant Attorney General represented to the Court, and the Court finds, that the plaintiff, as of November 1, 1999, will no longer be the recipient of assistance from the State of Connecticut. The plaintiff having left this state. The Assistant Attorney General, Welfare indicated that there are no monies due and owing the State as concerns the reference to assistance rendered eight years ago.
The minor child Jennifer Lynn Parker will attain age 18 on November 5, 1999, just a few weeks from this date.
The representative of the Attorney General's office has requested of the court an order of support as concerns the minor child Shawn Anthony Parker in the amount of $77.00 per week to be paid by the defendant. Incident to the proceedings on October 14, 1999, the plaintiff claims that there is one week due and owing to her at this time as concerns the earlier order of the court in the amount of $116.00.
The plaintiff has apparently a prospect for employment which she characterizes as good, now that she will no longer be CT Page 13830 receiving State assistance, with the Foxwoods Casino located in Connecticut. In addition, the plaintiff indicated that her parent mother may be able to assist her financially. The plaintiff intends to continue with her present residence in the State of Rhode Island and has reaffirmed her request for alimony in the amount of $25.00 a week.
On the basis of the testimony elicited on October 14, 1999, it appears from and after October 31, 1999 there will be no outstanding medical coverage for either the plaintiff or for the two children.
It is the plaintiffs hope that she can secure coverage for herself and her minor son incident to her prospective employment but not for the daughter Jennifer. The plaintiff has indicated that it is not her intention to apply for assistance from the State of Rhode Island.
The defendant has testified and the Court finds that on the basis of his testimony that the defendant has secured a residence located at 16 Occum Lane in Uncasville (Montville) in order to permit the child Jennifer to return to the Montville High School, which it is represented she will start to reattend on October 18, 1999.
It is represented that the residence at 16 Occum Lane will be suitable for the young lady and that she will have a room of her own and that a regimen for her medication will be continued.
Besides the defendant and the child Jennifer, it was represented that there would be one other adult person occupying that household.
The plaintiff, according to the testimony on October 14, has received the October check from the State of Connecticut.
 Discussion
As earlier indicated this is a marriage of 18 years.
The plaintiff is 36 years of age. Her education extends only through high school.
By virtue of the proceedings on October 14th, she will not be the recipient of any assistance from the State as of November 1, CT Page 13831 1999.
The child Jennifer, attaining her majority on November 5, will markedly reduce the amount of support and the plaintiffs prospects are, to say the least, difficult. It can only be hoped that she will in fact promptly secure a position at Foxwoods and that her parent mother may be willing to provide some further help and assistance to her daughter.
The Court has some misgivings with regard to the daughter Jennifer residing with her father, but the Court is influenced by the child, attaining her majority in just a few days, and wanting to remain in the Montville school system.
The Court proceeds on the premise that the defendant father will conduct himself in a proper fashion and be mindful of doing the best he can for the daughter in order that she may successfully complete her senior year at high school and graduate.
The defendant has not yet arranged for a transfer of his position with Burns Security to Connecticut. The Court can only hope that that is accomplished without any difficulty, mindful of the modest financial circumstances that exist on both sides of the aisle.
The child Jennifer still requires medication with regard to her medical condition.
The assets of the parties, to say the least, are extremely limited.
 The Law
The Court has considered all of the statutes which apply in matters of this nature including without limitation C.G.S. §46b-56 et seq. regarding custody and visitation, C.G.S. §46b-82 regarding alimony, C.G.S. § 46b-84 regarding child support.
The Court has considered all of the applicable case law that governs the matter.
The Court has considered the testimony of all witnesses, their candor or lack thereof and all exhibits and the arguments CT Page 13832 of counsel.
The Court has considered the length of the marriage, the problems with which it was beset, the age, health, station, occupation, employability, estate and the needs of the parties based on what is available to the Court.
The Court has considered the standard of living of the parties as best it can and the difficult financial situation that exists.
The Court enters the following orders.
Custody of the minor child Jennifer Lynn Parker to be joint with the defendant father being the primary custodial parent at this time. Reasonable and liberal rights of visitation by the plaintiff mother with her daughter. Custody of the minor child Shawn Anthony, now age 15, to be joint with the plaintiff mother being the primary custodial parent, reasonable rights of visitation to the defendant father.
Support from the defendant father with regards of the minor child Shawn Anthony in the amount of $77.00 a week in accordance with the request by the State of Connecticut and in accordance with the guideline worksheet.
Support for the child Jennifer to continue under the prior order until November 5, 1999.
The defendant is to secure medical coverage for the two children as available through his place of employment. Any uncovered medical, dental, optical or like expenses pertaining to the children shall be apportioned on the basis of 60% being attributable to the defendant and 40% attributable to the plaintiff.
The defendant has made no claim for alimony as against the plaintiff wife and the Court enters no order incident thereto.
The Court grants the plaintiff alimony in the amount of $25.00 per week for a period of eight years. The same may be modifiable as to amount but not as to term.
The Court grants the plaintiff petitioner's request for restoration of her maiden name and henceforth she may be known as CT Page 13833 Toni Lynn Bingham.
The parties are pro se and there is no necessity for the court to consider anything pertaining to attorney's fees.
Each party to be responsible for the debts shown on their respective financial affidavits.
Mindful of the conduct of the defendant with regard to the removal of funds from the Schwab investment account as earlier indicated in this opinion, to try and assist the plaintiff in trying to secure some reasonable, safe transportation for herself and the minor son, the Court orders that the defendant provide the sum of $750.00 within 90 days. The same to be used by the plaintiff as a down payment or payment in part with regard to some safe means of transportation.
The plaintiff may retain the modest balance of $32.00 in the Charles Schwab account.
It appears to the Court on the basis of the testimony elicited and the exhibits received that the defendant's conduct was the principal precipitating factor in the breakdown of the marriage.
The Court grants the relief prayed for, dissolves the marriage on the grounds of irretrievable breakdown and declares the parties to be single and unmarried pursuant to the provisions of the statute.
Austin, JTR